Boyland vs. State.

not be ordered, unless the appellee desires it and moves the Court to remand the same for new trial.

*Judgment reversed.*

(Decided 6th December, 1888.)

On the application of the appellee the foregoing case was remanded for a new trial.

---

JOHN BOYLAND vs. STATE OF MARYLAND.

*Indictment—Sale of Lottery tickets—Evidence.*

On an indictment for selling lottery tickets it appeared that the tickets sold were headed "Horse Combination," and indorsed "Decided to be legal by the highest tribunal in the State of Maryland." The purchaser testified that she bought the tickets as "policy" tickets, paying therefor nine cents, and that if she won she would get $3.60, and that she did not know whether the numbers on her tickets represented the numbers in a horse race or not. HELD :

That the tickets were admissible in evidence, and the jury had the right to find that they were lottery tickets, as in fact they were.

APPEAL from the Criminal Court of Baltimore City.

The appellant was convicted in the Court below on an indictment, charging him in the first count with unlawfully selling a lottery ticket to Maria Clagett, and in the second count with unlawfully keeping a room for the purpose of selling lottery tickets, and in the third count with knowingly permitting a certain room, of which he was the owner, to be used as a place for selling lottery tickets. The case is further stated in the opinion of this Court.

Boyland *vs.* State.

The cause was argued before ALVEY, C. J., STONE, MILLER, IRVING, BRYAN, and McSHERRY, J., for the appellant, and submitted for the appellee.

*Joseph Whyte,* for the appellant.

*William Pinkney Whyte, Attorney-General,* for the appellee.

STONE, J., delivered the opinion of the Court.

The appellant was indicted for selling lottery tickets .to the witness, Maria Clagett. She proved substantially that she bought the. tickets from the appellant, as "policy" tickets, and paid nine cents for them, and if she won she would get three dollars and sixty cents. Upon cross-examination she said she did not know' whether the numbers on her tickets represented the numbers in a horse race or not.

The tickets she bought were headed "Horse combination" and endorsed "decided to be legal by the highest tribunal in the State of Maryland," and the appellant insists that it was betting on a horse race, and not lottery vending.

If the heading and endorsement were stricken from these tickets they would represent lottery tickets, or .what is the same thing policy tickets. The real and only question presented to us, is whether the appellant can legalize an illegal act by calling it by another name, and that all the Courts of justice in the land are bound to regard the act itself what he may choose to *call it.* If such be the law the Courts of criminal jurisdiction may as well be closed.

The heading and endorsement on these tickets were a patent effort to evade the law against selling lottery tickets, the tickets were clearly admissible in evidence, and the jury had the undoubted right, disregarding the

name and endorsement printed on them by the appellant, to find them, what they really were, lottery tickets, and not, what they professed to be, tickets upon a horse combination.

*Judgment affirmed.*

(Decided 6th December, 1888.)